Azeb Mirutse **GEBRU, Petitioner,**

v.

Alberto R. **GONZALES,\* Attorney General, Respondent.**

No. 04–72429.
Agency No. A95–875–329.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vadim Yuzefpolsky, Law Offices of Vadim Yuzefpolsky, Glendale, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Nancy E. Friedman, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Paul R. Almanza, Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM***

Azeb Mirutse Gebru, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because petitioner's testimony was inconsistent with her application for asylum. Because the factual discrepancies went to the heart of her asylum claim, substantial evidence supports the denial of asylum. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). It follows that Gebru did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

Gebru's contention that she was denied due process when the IJ excluded the testimony of two percipient witnesses at her hearing fails because she has not shown that her case was prejudiced by the absence of this testimony. *See Munoz v. Ashcroft,* 339 F.3d 950, 955 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.